UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
RONALD OCASIO,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------X

MEMORANDUM AND ORDER
08 Civ. 1305 (DAB)
95 Cr. 942 (DAB)

DEBORAH A. BATTS, United States District Judge.

    On August 9, 2012, the Court denied Petitioner Ronald Ocasio ("Petitioner" or "Ocasio")'s Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255. The Motion, filed February 8, 2008, claimed that Petitioner's rights were violated at trial because the testimony of several of the Government's cooperating witnesses was allegedly perjurious. The Court's decision rested primarily on Petitioner's failure to establish that allegedly perjurious testimony was undisclosed at trial; it also noted that the thorough witness credibility charge given to the jury would have purged the taint of any false testimony. Now before the Court are Ocasio's Motion for Reconsideration pursuant to Local Civil Rule 6.3 and Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Petitioner titles his filing "Motion for Reconsideration Pursuant to 28 U.S.C. § 2241 and Rule 6.3." Due to the filing's

I. OCASIO'S MOTION FOR RECONSIDERATION

Motions for Reconsideration are governed by Local Civil Rule 6.3 "and are committed 'to the sound discretion of the district court.'" Cordero v. United States, Nos. 09 Civ. 4388, 01 Cr. 74, 2010 WL 5347624, at *2 (S.D.N.Y. Dec. 28, 2010) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)). In general, "'motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court,'" or unless granting the motion would "'correct a clear error of law or prevent manifest injustice.'" United States v. Speed, Nos. 04 Cr. 336, 10 Civ. 3333, 2012 WL 1655772, at *1 (S.D.N.Y. May 10, 2012) (quoting In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (abrogated on other grounds) and Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir.2004)). A motion for reconsideration "'should not be granted where the moving party seeks solely to relitigate an issue already decided,'" Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)), and is neither an "opportunity for making new arguments that could have

---

content, the Court construes the submission as both a Motion for Reconsideration pursuant to Local Civil Rule 6.3 and a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

2

been previously advanced" nor a "substitute for appeal." Cordero, 2010 WL 5347624, at *2 (internal quotation marks omitted).

Petitioner argues that the Court's August 9, 2012 Order and Memorandum applied the wrong test to his claim of perjured testimony. Namely, the Court found that for Ocasio's Petition to succeed, he needed to establish that "(i) the witness actually committed perjury; (ii) the alleged perjury was material; (iii) the government knew or should have known of the alleged perjury at time of trial; and (iv) the perjured testimony remained undisclosed during trial." United States v. Zichettello, 208 F.3d 72, 102 (2d Cir. 2000) (internal quotation marks and citations omitted). Petitioner argues that the Court, instead, should have applied the two-part test put forth in United States v. Wallach, 935 F.2d 445 (2d Cir. 1991): "(1) Whether the perjury was material to the jury's verdict; (2) The extent to which the prosecution knew or should have known about the perjury." United States v. Ferguson, 676 F.3d 260, 282 (2d Cir. 2011). The tests are somewhat in tension, and the Second Circuit has alternated which test it applies. See id. (noting, in dicta, that there is "confusion" as to which test to use). However, the "tests are not necessarily incompatible": the fact that the perjury Ocasio alleges was disclosed at trial suggests that it was not material to the jury's verdict. See id. at 282 & n.22. Most importantly,

3

because no controlling decision has held that the Wallach test, and not the Zichettello test, applies, the Second Circuit's uncertainty as to this issue does not warrant reconsideration of Ocasio's Petition. See Speed, 2012 WL 1655772, at *1; accord United States v. Britt, No. 11-4878-cr, 2013 WL 48768, at *1 (2d Cir. Jan. 4, 2013) (applying the Zichettello test and not mentioning Wallach).

Petitioner also points to evidence not formerly submitted to the Court as further proof of the cooperating witnesses' perjury. Namely, Petitioner attaches as Exhibit B an unsigned and partial version of a habeas petition submitted by Donald Saxon pursuant to 28 U.S.C. § 2254, in which Mr. Saxon alleges that Arnold Rodriguez, one of the Government witnesses in Petitioner's trial, testified before a grand jury that Mr. Saxon was personally present at the killing of Jaime David in the Bronx, New York on August 11, 1995, even though Mr. Saxon was incarcerated in Sonyea, New York on that date. (Mot. Ex. B at 8-9.) See also Saxon v. Ercole, No. 06 Civ. 7728, 2008 WL 3446488, at *13-14, *17 (S.D.N.Y. Aug. 12, 2008) (noting that Mr. Saxon was in fact incarcerated on the date of Jaime David's murder, and that Mr. Rodriguez in fact testified before the grand jury that Mr. Saxon was personally present at Jaime David's murder), aff'd by Carter v. Ercole, 338 F. App'x 43 (2d Cir. 2009).

4

While this evidence implicates Mr. Rodriguez's credibility, it cannot "reasonably be expected to alter the conclusion reached by the court": Petitioner failed to establish that the alleged perjury of the cooperating witnesses remained undisclosed at trial and that the witness credibility charge given to the jury would not have purged the taint of false testimony. See Speed, 2012 WL 1655772, at *1 (internal quotation marks omitted). Mr. Rodriguez's habit of lying was disclosed at trial, as was his willingness to betray close friends. (See, e.g., Tr., 618-20 (Mr. Rodriguez lied weekly or biweekly to his Probation Officer for five years), 621 (Mr. Rodriguez helped kill one of his best friends), 621-25 (Mr. Rodriguez lied to the Government at a proffer session in 1996), 2932-34 (Mr. Rodriguez lied to the Government at a meeting in 1991).) Defense counsel also noted that the life sentence Mr. Rodriguez faced might have motivated him to lie about Petitioner, and that Mr. Rodriguez had the opportunity to collude with other cooperating witnesses. (Tr., 3328-29, 3338-40.) In addition, Mr. Rodriguez admitted at trial that he allowed his co-Defendant, Xavier Carrillo, to be convicted of a murder Mr. Rodriguez committed, even after promising Mr. Carrillo that he would turn himself in if it appeared that Mr. Carrillo was going to be convicted. (Tr., 177-78.) The new evidence regarding Mr. Rodriguez's lies about Mr.

5

Saxon would not have altered this Court's conclusion, and the Court sees no reason why granting Petitioner's motion would "correct a clear error of law or prevent manifest injustice." Speed, 2012 WL 1655772, at *1 (internal quotation marks omitted).

All other arguments set forth by Petitioner merely seek to re-litigate issues already decided by the Court or are new arguments that could have been previously advanced. See id.; Cordero, 2010 WL 5347624, at *2. Accordingly, Petitioner's Motion for Reconsideration is hereby DENIED in its entirety.

## II. OCASIO'S PETITION FOR A WRIT OF HABEAS CORPUS

In general, 28 U.S.C. § 2255 "is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence" while § 2241 "is the proper means to challenge the execution of a sentence." Adams v. United States, 372 F.3d 132, 134-35 (2d Cir. 2004). However, a prisoner may "file a motion under § 2241 to test the legality of his detention when § 2255 is inadequate or ineffective to challenge his detention." Id. at 135. Section "2255 may be inadequate or ineffective in circumstances where a prisoner cannot avail himself of § 2255, and when the failure to obtain collateral review raises serious constitutional questions." Id. (citing Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997)). The only cases which the Second Circuit has

6

recognized as raising serious constitutional questions are "cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised their claims of innocence at an earlier time.'" Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003) (quoting Triestman, 124 F.3d at 363) (brackets omitted). Section "2255 is not inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." Adams, 372 F.3d at 135. "[W]hen a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit Court of Appeals] for certification, or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction." Id. at 136 (internal citations omitted).

Here, Petitioner challenges the imposition, and not the execution, of his sentence. Moreover, Ocasio's § 2241 Petition

7

does not raise a serious constitutional question. He is unable to prove his actual innocence on the existing record, and all the allegations in his § 2241 Petition could have been - and, in some instances, were - raised at an earlier time. His argument regarding the housing of cooperating witnesses was raised at trial (see, e.g., Tr. 314-15, 447, 638-39, 1555-56, 2972-73, 2975-76, 3338-40, 3346-47, 3379-80), in his direct appeal of his conviction (see Brief of Defendant-Appellant at 4, 36-38, United States v. Carrillo, 229 F.3d 177 (2d Cir. 2000) (No. 98-1499); Pro Se Brief of Defendant-Appellant at 5-8, Carrillo, 229 F.3d 177 (No. 98-1499)), and in his § 2255 Petition. Ocasio's ineffective assistance of counsel argument was raised, albeit without specific reference to attorney Siri Averill, in his direct appeal. (See Brief of Defendant-Appellant, supra, at 42-46; Pro Se Brief of Defendant-Appellant, supra, at 9-10.) Much of his argument regarding alleged Brady violations was made in his direct appeal. (See Brief of Defendant-Appellant, supra, at 29-33, 38.) Ocasio's Petition supplements this argument by claiming that the Government was required to disclose that Arnold Rodriguez falsely testified regarding Donald Saxon's participation in a murder. See Saxon, 2008 WL 3446488, at *13-14, *17 (discussing Rodriguez's false testimony). However, Petitioner provides no rationale for his failure to raise this claim

8

earlier, and the Court finds that he could have effectively raised it in his original § 2255 Petition, filed February 8, 2008. The factual basis for Petitioner's allegation was made public on February 7, 2003, when Mr. Saxon filed in state court a § 440.10 Motion discussing Mr. Rodriguez's false testimony. See Saxon, 2008 WL 3446488, at *5-6. Mr. Rodriguez's testimony was discussed further in the state court's January 6, 2006 Order denying Mr. Saxon's § 440.10 Motion. Id. at *7; Mot. Ex. B at 4. Mr. Saxon filed his § 2254 Petition, a portion of which Petitioner attaches as Exhibit B, on September 26, 2006; the § 2254 Petition was fully submitted on May 29, 2007. See Docket Sheet, Saxon, 2008 WL 3446488 (No. 06 Civ. 7728); Mot. Ex. B.

It is plain from Ocasio's Petition that he "cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention." Adams, 372 F.3d at 136. Therefore, the Court DISMISSES Ocasio's § 2241 Petition for lack of jurisdiction.

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Reconsideration pursuant to Local Civil Rule 6.3 is DENIED and his Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

As the Motion and Petition make no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.

SO ORDERED.

Dated: January 25, 2013
New York, New York

_Deborah A. Batts_
Deborah A. Batts
United States District Judge